# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06459-RGK-JEM | Date | December 04, 2017 |
|---|---|---|---|
| Title | *ARTHUR AVAZIAN et al. v. GENWORTH LIFE & ANNUITY INSURANCE CO. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Defendant's Motion to Dismiss (DE 22); Plaintiffs' Motion to Remand (DE 32)

## I. INTRODUCTION

On August 4, 2017, Plaintiffs Arthur Avazian ("Avazian") and Michael A. Torres[1] ("Torres") (collectively "Plaintiffs"), on behalf of themselves and all those similarly situated, filed a Complaint in Los Angeles Superior Court against Defendant Genworth Life and Annuity Insurance Company ("Genworth") and ten Doe defendants. This suit arises out of Genworth's termination of Plaintiffs' life insurance policies. Plaintiffs specifically allege the following claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*, also known as the California Unfair Competition Law ("UCL"). On August 31, 2017, Genworth removed this action to federal court on the ground of diversity jurisdiction.

Presently before the Court is Genworth's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which was filed on October 6, 2017. On November 11, 2017, Plaintiffs filed a Motion to Remand. For the following reasons, the Court **GRANTS** Genworth's Motion to Dismiss and **DENIES as moot** Plaintiffs' Motion to Remand.

## II. FACTUAL BACKGROUND

In their Complaint, Plaintiffs allege the following:

Genworth is a corporation organized and existing under the laws of the Commonwealth of Virginia. Genworth is authorized to transact and is transacting in the State of California. Avazian and Torres are both citizens of the State of California and both were formerly insured by Genworth.

---

[1] Torres brings this suit in his capacity as trustee of the Julio M. Torres 2012 Insurance Trust DTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06459-RGK-JEM | Date | December 04, 2017 |
|---|---|---|---|
| Title | *ARTHUR AVAZIAN et al. v. GENWORTH LIFE & ANNUITY INSURANCE CO. et al.* | | |

In 1993, Genworth issued Avazian's life insurance policy, which provided a $500,000 death benefit. Avazian timely made all premium payments to Genworth until 2016, for a total of more than $70,000. In January 2016, Avazian missed his premium payment. On April 6, 2016, Genworth sent a letter to Avazian informing him that his policy had lapsed without value. Prior to the lapse, Genworth did not notify anyone else of the pending lapse.

In 1989, Genworth issued a policy to Torres' father, Julio M. Torres, which provided a $5,000,000 death benefit. In 2012, Julio M. Torres created the Julio M. Torres 2012 Insurance Trust DTD ("Trust"), named the Trust as the owner of his life insurance policy, and appointed his son as Trustee. The Trust paid over $1,000,000 in premiums before it inadvertently missed the August 12, 2015 premium payment. If Genworth had notified a third-party about the pending lapse, the Trust would have paid the premium. As a result of the non-payment, Genworth terminated the policy.

Plaintiffs assert that Genworth terminated their policies without abiding by the requirements set forth in California Insurance Code Sections 10113.71 and 10113.72. Specifically, Plaintiffs allege that Genworth failed to allow policy holders to designate a third party to receive notice of lapse or termination and failed to give notice of pending lapse and termination at least thirty days before the date of termination to both the policy holders and to the designated third parties. Plaintiffs also allege that Genworth informed its insureds, policy owners, and beneficiaries that it is under no obligation to abide by these statutes with respect to policies issued or delivered prior to January 1, 2013, the date both statutes went into effect.

Plaintiffs bring this class action on behalf of themselves and a statewide class, defined as all insureds, policy owners, and beneficiaries of life insurance policies issued or delivered by Genworth in California before January 1, 2013, who lost either their coverage or their ability to make a claim owing to the termination of their policies by Genworth for nonpayment of premium.

## III.     JUDICIAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule-12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06459-RGK-JEM | Date | December 04, 2017 |
|---|---|---|---|
| Title | *ARTHUR AVAZIAN et al. v. GENWORTH LIFE & ANNUITY INSURANCE CO. et al.* | | |

## IV. DISCUSSION

Genworth moves to dismiss the case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the following reasons, the Court agrees and grants Genworth's Motion to Dismiss Plaintiffs' Complaint.

### A. Claim 1: Breach of Contract

Plaintiffs argue that the requirements set forth in California Insurance Code Sections 10113.71 and 10113.72 ("§ 10113") are incorporated into Genworth's policies and that Genworth breached the terms of the policies as set forth by the statute.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

§ 10113, enacted in 2013, provides in pertinent part that life insurance policies shall not be issued until the applicant has been given the right to designate a third party to receive notice of lapse or termination ("Designation Requirement") and insurers must give notice of pending lapse and termination at least thirty days before the date of termination to both the policy holders ("30-Day Notice Requirement") and to the designated third parties ("Third Party Notice Requirement").

Assuming, but not deciding, that § 10113 applies retroactively[2] and is incorporated into Genworth's policies, the Court finds that Plaintiffs failed to plead sufficient facts to allege a breach. Plaintiffs conclusorily allege that "Genworth has chosen to disregard" this statute and otherwise failed to comply with the Designation, 30-Day Notice and Third Party Notice Requirements. In support of these allegations, Plaintiffs discuss the lapse and termination of Avazian's and Torres' policies and simply allege that Genworth failed to "notify anyone else" prior to terminating each policy. Plaintiffs, however, fail to identify whether or not either party had identified a third party for purposes of notice. If there is no third party on file for Genworth to notify, there can be no breach for failure to notify a third party. Moreover, Plaintiffs do not allege that Genworth failed to afford Avazian or Torres the opportunity to designate a third party to receive notice. They also do not allege that Genworth failed to provide Avazian or Torres with a thirty day notice. Because the Court cannot reasonably infer a breach from these facts, the Court finds Plaintiffs' threadbare recitals of the elements of § 10113 to be insufficient. Accordingly, the Court **GRANTS** Genworth's Motion to Dismiss Plaintiffs' first claim.

---

[2] This issue is so far undecided by both California and federal courts. The Court notes that a plain reading of § 10113's language ("policies *shall not be issued until* the applicant has been given the right . . .") indicates no retroactive application. Cal. Ins. Code § 10113.72(a) (emphasis added). However, the Court need not decide this issue presently.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06459-RGK-JEM | Date | December 04, 2017 |
|---|---|---|---|
| Title | *ARTHUR AVAZIAN et al. v. GENWORTH LIFE & ANNUITY INSURANCE CO. et al.* | | |

### B. Claim 2: Breach of the Implied Covenant of Good Faith and Fair Dealing

"Under California law, [e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal. 4th 342, 371 (1992). To establish breach of the implied covenant of good faith and fair dealing by an insurer, "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding [the] benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.,* 221 Cal. App. 3d 1136, 1151 (1990).

Plaintiffs argue that the policy provisions entitling Genworth to terminate coverage for nonpayment of premiums do not permit unreasonable termination or termination without cause. Plaintiffs further argue that because Genworth failed to abide by the Designation, 30-Day Notice, and Third-Party Notice Requirements and failed to consider the interests of insureds, Genworth terminated Plaintiffs' policies unlawfully and in bad faith.

As explained above, Plaintiffs have failed to sufficiently allege violations of the Designation, 30-Day Notice, and Third-Party Notice Requirements. Further, the Court notes that Genworth's right to terminate policies for nonpayment was an express term of Plaintiffs' insurance policies. Without more facts, the Court cannot otherwise infer how Genworth's cancellation of Plaintiffs' policies upon their non-payment of premiums was unreasonable or without proper cause.

Additionally, Plaintiffs allege that Genworth unreasonably and without cause notified its insureds that the statutes at issue do not apply to California policies issues before January 1, 2013. The Court assumes that Plaintiffs assert this allegation in support of the unreasonableness of Genworth's termination of Plaintiffs' policies. However, this conclusory allegation alone is insufficient to support a breach of implied covenant claim.

As such, the Court **GRANTS** Genworth's Motion as to Plaintiffs' Breach of Covenant of Good Faith and Fair Dealing claim.

### C. Claim 3: Fraudulent Prong of the UCL

Plaintiffs allege that Genworth's failure to comply with Designation, 30-Day Notice, and Third-Party Notice Requirements and misrepresentations regarding the applicability of § 10113 constitute "fraudulent" business practices in violation of the UCL.

When fraud is alleged, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009) (applying the Rule 9(b) standard to UCL claims grounded in fraud). To satisfy Rule 9(b), Plaintiffs' allegations of fraud must be accompanied by the "who, what, when, where, and how" regarding the specifics of the misconduct. *Vess v. Ceiba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06459-RGK-JEM | Date | December 04, 2017 |
|---|---|---|---|
| Title | *ARTHUR AVAZIAN et al. v. GENWORTH LIFE & ANNUITY INSURANCE CO. et al.* | | |

(quoting *Cooper v. Picket,* 137 F.3d 616, 627 (9th Cir.1997).

  The Court finds that Plaintiffs fail to allege their UCL fraud claim with sufficient particularity. As stated above, Plaintiffs conclusively allege that "Genworth has chosen to disregard" these statutes and otherwise failed to comply with the Designation, 30-Day Notice and Third Party Notice Requirements. In support of these allegations, Plaintiffs allege that (1) Genworth failed to "notify anyone else" prior to terminating Plaintiffs' policies, and (2) Genworth notified insureds that the statutes at issue do not apply to California policies issues before January 1, 2013. Considering these allegations in the light most favorable to Plaintiffs, these allegations indicate the who and what, but not the where, when or how. Accordingly, neither of these allegations meet the heightened pleading standard set forth in Rule 9(b). As such, the Court **GRANTS** Genworth's Motion as to Plaintiffs' UCL claim.

## V. CONCLUSION

  For the foregoing reasons, the Court **GRANTS** the City's Motion to Dismiss Plaintiff's Complaint. The Court also **DENIES as moot** Plaintiffs' Motion to Remand.

  **IT IS SO ORDERED.**

_____ : _____
Initials of Preparer